887 So.2d 618 (2004)
Johnny JACKSON, et al., Plaintiffs-Appellees
v.
ESTATE OF Ellen P. JONES, et al., Defendants-Appellants.
No. 39,056-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 2004.
W. James Singleton, Shreveport, for Appellants.
Lunn, Irion, Salley, Carlisle, & Gardner, by Jack E. Carlisle, Jr., W. Orie Hunter, III, James A. Mijalis, Shreveport, for Appellees.
Before GASKINS, PEATROSS & LOLLEY, JJ.
*619 PEATROSS, J.
This is an appeal from a judgment granting an exception of improper cumulation of actions in a wrongful death lawsuit. For the reasons stated herein, we find that plaintiffs-in-intervention/appellants Betty Jean Thomas, Herman Powell, Roy Powell, Stella Powell, Clyde Powell and Tommy Powell (collectively referred to herein as "the Jones nieces and nephews") have no right of action in this lawsuit; and, therefore, we affirm the dismissal of the petition *620 for intervention in this case as to those individuals. As to plaintiff-in-intervention/appellant Dallas Powell, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings.

FACTS
On May 14, 2001, Geneva Jackson was riding as a guest passenger in an automobile owned and operated by Ellen P. Jones on Louisiana Highway 509. While making a left turn, the Jones vehicle was struck by a truck driven by Roland D. Haines and owned by Donny Fountain. Both Ms. Jackson and Ms. Jones died as a result of injuries suffered in the accident. On October 26, 2001, Ms. Jackson's children filed a wrongful death suit against the estate of Ellen P. Jones and her insurer, Mutual Service Casualty Insurance Company ("Mutual Service"). The suit also named Roland G. Haines ("Haines") and Donny Fountain ("Fountain") as defendants and asserted that Haines was either an employee of Fountain at the time of the accident, or was on a joint mission and errand for him and Fountain. Texas All Risk Direct Bill Insurance Company ("Texas All Risk") also was named as a defendant for being Fountain's liability insurer.
In May 2003, the plaintiffs, along with the estate of Ellen P. Jones and Mutual Service, filed a joint motion and order to dismiss the plaintiffs' claims against these two defendants as the result of a compromise and settlement. The motion was granted, and the plaintiffs' claims against these two defendants were dismissed with prejudice.
Subsequently, in August 2003, Betty Jean Thomas, Herman Powell, Roy Powell, Stella Powell, Clyde Powell and Tommy Powell filed a petition for intervention, containing the following allegation:
2.
Petitioners aver that they are the surviving nieces and nephews of Ellen P. Jones, deceased, who died on May 14, 2001.
The Jones nieces and nephews sought wrongful death damages as the result of Ms. Jones' death and made virtually identical factual allegations to those in the original wrongful death petition, except for asserting that Ms. Jones in no way contributed to the accident and was free of fault. An amended petition for intervention followed on October 2, 2003, adding Dallas Powell as a petitioner in intervention who was alleged to be "an heir of Ellen P. Jones."
On October 23, 2003, the original plaintiffs' demands against Fountain, Haines and Texas All Risk were dismissed with prejudice as the result of a joint motion and order filed by these parties based on a compromise agreement. Then, on October 30, 2003, Fountain, Haines and Texas All Risk filed an exception of improper cumulation of actions seeking dismissal of both the petition for intervention and the amended petition for intervention. Following a hearing on February 17, 2004, on the exception of improper cumulation of actions, the trial court took the exception under advisement, subsequently granted the exception and dismissed the would-be intervenors' petitions. This appeal followed.

DISCUSSION

The Jones nieces' and nephews' right of action
In their brief on appeal, the Jones nieces and nephews state that, as intestate heirs of Ms. Jones, they have the "right" to represent their deceased parents in this action. The issue, more correctly stated, is whether the Jones nieces and nephews *621 have a "right of action" or are plaintiffs with interest to institute the suit for wrongful death damages for the death of their aunt. La. C.C.P. art. 927. Stated differently, the query is whether the children of the deceased's brothers and sisters inherit a right of action for their aunt's alleged wrongful death.
An action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. In cases where the law grants a remedy to certain persons for the particular harm alleged by the plaintiff, the exception of no right of action raises the issue of whether the plaintiff belongs to that particular class to which the law grants the remedy. Day v. Morehouse General Hospital, 37,803 (La.App.2d Cir.1/28/04), 865 So.2d 924, writ denied, 04-0504 (La.4/8/04), 870 So.2d 275; Deal v. Powell, 37,686 (La.App.2d Cir.12/10/03), 862 So.2d 398, writ not considered, 04-0165 (La.3/19/04), 869 So.2d 836; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). When the facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the exception of no right of action should be sustained. Vincent v. Vincent, 98-1346 (La.App. 1st Cir.6/25/99), 739 So.2d 920; Guidry v. Dufrene, 96-0194 (La.App. 1st Cir.11/8/96), 687 So.2d 1044.
An exception of no right of action is peremptory and may be pled at any stage of the proceeding or on appeal. La. C.C.P. art. 927(B). The existence, or lack thereof, of a plaintiff's right of action, or interest to institute the suit, may also be noticed by either the trial court's or appellate court's own motion. Id.
During oral argument in the case sub judice, this court requested clarification regarding the identities of the plaintiffs-in-intervention and their respective relationships to the deceased Ms. Jones. In response, the appellants advised this court that Dallas Powell is a surviving brother of the deceased Ms. Jones. Betty Jean Thomas, Herman Powell and Roy Powell are the children of Lena Powell, a predeceased sister of Ms. Jones. Stella Powell, Clyde Powell and Tommy Powell are children of Dick Powell, a predeceased brother of Ms. Jones.
La. C.C. art. 2315.2 states in pertinent part:
Art. 2315.2. Wrongful death action
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
* * *
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
This court has interpreted the heritability of the right of action created by article 2315.2 in Rachal v. Peters, 28,655 (La.App.2d Cir.9/25/96), 680 So.2d 1280, wherein we held that "it is only when the codal beneficiary who survives the decedent later *622 dies that the beneficiary's heir `inherits' the beneficiary's right to bring" the wrongful death action. (Emphasis in original.)
In the case sub judice, Ms. Jones' siblings, Lena and Dick Powell, through whom the nieces and nephews attempt to inherit this right of action, predeceased Ms. Jones. In other words, those siblings did not survive Ms. Jones, which is required for the right of wrongful death action to come into existence. Had they survived Ms. Jones and then died, the right of action would have been passed to the nieces and nephews herein. For this reason, and noticing the exception of no right of action on our own motion, we conclude that the Jones nieces and nephews are not part of the class of persons to whom article 2315.2 affords a remedy. Accordingly, the petition for intervention filed by the Jones nieces and nephews is dismissed.
Dallas Powell, however, may be a proper plaintiff-in-intervention under article 2315.1 as he is the surviving brother of Ms. Jones. Nothing in the record indicates that Ms. Jones was survived by any of the persons described in article 2315.2(1) or (2), who would be higher in priority than brothers and sisters as far as the wrongful death action is concerned. Our finding of no right of action, therefore, does not extend to the amended petition in intervention adding Dallas Powell as a plaintiff and our discussion of the exception of improper cumulation of actions is limited to the wrongful death action of Dallas Powell.

Improper Cumulation of Actions
The provisions of La. C.C.P. art. 1091 on intervention state:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
We must determine whether Dallas Powell is a third person having an interest in this wrongful death action to enforce a right "related to or connected with the object of the pending action" who could intervene by joining with the plaintiffs (prior to the plaintiffs' dismissal of their claims against these defendants) in demanding "the same or similar relief" against Fountain, Haines and Texas All Risk.
In Williams v. Jefferson, 586 So.2d 666 (La.App. 2d Cir.1991), the driver of an automobile involved in a collision filed suit against the driver of the other vehicle, but not against the father of the driver of the other vehicle, who owned that vehicle and who was a passenger in it at the time of the collision. Subsequently, the father and son defendants filed a document styled as an answer and reconventional demand in which they contended that the collision was caused by a combination of the plaintiffs' negligence and the glare from a light owned by Louisiana Power and Light Co. (LP & L) that was alleged to be too close to the road. The defendants' document named both the plaintiff and LP & L as defendants. On appeal, we noted that this court had previously taken a liberal view of interventions in the case of Banks v. Rattler, 426 So.2d 362 (La.App. 2d Cir.1983), and we held that the tort claim filed by the father met the requirements of an intervention as set out in La. C.C.P. art. 1091. We noted that the father's claim was "to enforce a right related to or connected with the object of the pending action" and *623 sought similar relief to that demanded by the son against the same defendants. In Banks, supra, a Mrs. Rhymes was brought into a lawsuit by a third-party demand; she answered and reconvened against two of the defendants, and her husband, who had not previously been a party to the lawsuit, then sought to intervene by the same pleading. We held that Mr. Rhymes had properly intervened, citing other cases that had broadly interpreted the scope of interventions.
In Home Indemnity Co. v. Central Louisiana Electric Co., 384 So.2d 455 (La.App. 3d Cir.1980), writ refused, 392 So.2d 664 (La.1980), a workman was injured while the company for which he worked was constructing a railroad for a third party. The workmens' compensation insurer of the injured worker's company brought suit against Central Louisiana Electric Co., whose negligence was alleged to be a proximate cause of the worker's injuries. The third party subsequently sought to intervene in the action seeking indemnity or contribution from CLECO after having paid tort damages to the injured worker in a separate lawsuit filed by that worker in a Texas federal court. One of the issues on appeal was whether the intervention was proper. Although the trial court had sustained the exception of improper use of intervention, the appellate court reversed, finding that more recent cases gave a more liberal interpretation to the right of intervention. The appellate court found there was a sufficient connexity between the third party claim against CLECO and the principal demand of the workmens' compensation insurer's claim for recovery of payments made to the injured worker. The court stated that both claims arose out of the same accident and rested upon the same alleged acts of negligence of CLECO. The third party's intervention, therefore, sought "to enforce a right related to or connected with the object of the pending action."
In light of the foregoing discussion, we again affirm a liberal view of interventions and conclude that the intervention of Dallas Powell meets the requirements of intervention set forth in La. C.C.P. art. 1091 because he seeks to enforce a right related to or connected with the object of the action pending at the time the petitions for intervention were filed.[1] Dallas Powell seeks similar relief against Fountain, Haines and Texas All Risk to that sought by the original plaintiffs against those defendants.

CONCLUSION
For the reasons set forth above, finding that Betty Jean Thomas, Herman Powell, Roy Powell, Stella Powell, Clyde Powell and Tommy Powell have no right of action for the wrongful death of their aunt, Ellen P. Jones, the judgment of the trial court dismissing those individuals claims is affirmed. The judgment of the trial court sustaining the exception of improper cumulation *624 of actions as to the remaining plaintiff-in-intervention, Dallas Powell, is hereby reversed, and this matter is remanded for further proceedings. Costs are assessed equally among appellants Betty Jean Thomas, Herman Powell, Roy Powell, Stella Powell, Clyde Powell, Tommy Powell and appellees Donny Fountain, Roland G. Haines and Texas All Risk Direct Bill Insurance Company.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Appellees cite authority from the third and fourth circuit courts of appeal in support of their argument that, in order for the right asserted by an intervenor to be sufficiently connected or related to the principal action, a judgment on the principal action must "have a direct impact on the intervenor's rights." See Sawtelle v. American National Agents Insurance Group, 94-1091 (La.App. 3d Cir.3/1/95), 651 So.2d 456 and Harvey v. Cole, 02-1704 (La.App. 4th Cir.4/30/03), 845 So.2d 591. We note that this court has not utilized this stringent standard, but, rather, as previously stated, has consistently held a liberal view toward intervention. Nonetheless, we conclude that in the case sub judice, a judgment on the principal action could directly impact Dallas Powell's rights. For example, if there is only one insurance policy providing coverage for the loss, the proceeds of which will be distributed among successful plaintiffs, clearly any money judgment against the insurer would directly impact the other potential plaintiffs' rights.