PAUL A. BONIN, Judge.
bMax Prejean, an employee of Maintenance Enterprises, Inc. (“MEI”) filed a suit for damages against Murphy Oil U.SA., Inc. (“Murphy Oil”), claiming that he was injured while working at its refinery in Meraux, Louisiana. Murphy Oil contends that it and MEI contracted away Mr. Prejean’s tort rights against Murphy Oil. Mr. Prejean asserts that the contract’s provisions are invalid. He also argues that even if the provisions of the contract are valid, the work he was performing at the refinery would not result in Murphy Oil escaping tort liability to him. For the reasons which follow, we agree and affirm the trial court’s denial of Murphy Oil’s motion for summary judgment

History of the Case

This matter was previously before this Court on an application for supervisory writ, which was denied by a five-judge *768 court.[1] After granting Murphy Oil’s application for supervisory review, the Louisiana Supreme Court summarily remanded the application for briefing, oral argument, and opinion. Prejean v. Maintenance Enterprises, Inc., 08-1113 (La.9/19/08), 992 So.2d 970.[2] In its application for supervisory writ, Murphy Oil requested review of the trial court’s judgment denying its motion for partial summary judgment in which it sought to be recognized as the statutory employer Mr. Prejean.
On April 13, 2005, Mr. Prejean filed a Petition for Damages against MEI, Murphy Oil, and Plant Performance Services, LLC. The lawsuit arose out of an August 25, 2004 incident wherein Mr. Prejean sustained an eye injury while working as an employee of MEI on a reconstruction project at Murphy Oil’s refinery.
On October 20, 2006, Murphy Oil filed a motion for partial summary judgment on Mr. Prejean’s negligence claim against it seeking to be declared Mr. Prejean’s statutory employer, thereby barring any negligence claim against it. The ground for its motion was a written contract between Murphy Oil and MEI which provided that MEI would perform reconstruction work on the ROSE Unit, which was damaged as a result of a fire in 2003. The Murphy Oil-MEI contract included language stating that Murphy Oil was to be the statutory employer of MEI’s employees. Murphy Oil argued that Mr. Prejean’s exclusive remedy was workers’ compensation as provided in La. R.S. 23:1061. Mr. Prejean filed an opposition to Murphy Oil’s motion arguing that the Murphy Oil-MEI contract did not entitle Murphy Oil to statutory employer status because the language of the contract limited Murphy Oil to paying compensation “if the immediate employer, Contractor or subcontractor ... is unable to meet their obligation under the ^Louisiana Compensation Statute for work or services that is performed under this agreement.”
A hearing was held on Murphy Oil’s motion on March 9, 2007 after which the trial court took the matter under advisement. On February 28, 2008, the trial court rendered judgment denying Murphy Oil’s partial motion for summary judgment with written reasons. On March 10, 2008, Murphy Oil filed a Notice of Intent to Apply for Supervisory Writ.
Murphy Oil filed its writ application with this Court on March 31, 2008. No opposition response was filed by Mr. Prejean. We denied the writ on May 1, 2008. The Louisiana Supreme Court subsequently remanded the matter to this Court on September 19, 2008.

Relevant Facts

In the summer of 2003, the ROSE unit of Murphy Oil’s Meraux refinery was damaged by fire. MEI was contracted by Murphy Oil to rebuild the ROSE unit, to provide the material, labor, supervision and rental equipment necessary for the erection, and to assure that the finished work was safe and suitable for operation.
On October 6, 2003, Murphy Oil and MEI entered into a contract for services which recited that Murphy Oil was to be a statutory employer in accordance with La. R.S. 23:1031, 1032, or 1061, but would be liable to pay workers’ compensation only if the immediate employer, contractor or subcontractor is unable to meet its obli *769 gation to workers (Article 5.5 of the Agreement).
On August 25, 2004, Mr. Prejean, an employee of MEI, was injured when a plug blew out of a pipe, striking him in the face. After his injury, Mr. Prejean received workers’ compensation from his employer, MEI.
14Mr. Prejean filed a Petition for Damages seeking general damages from Murphy Oil pursuant to his argument that the contract cited above did not entitle Murphy Oil to the protections of La. R.S. 28:1061 because the wording of the contract limited its liability to situations only when the direct employer did not pay workers’ compensation to the employee.
The trial court, in written reasons for judgment dated February 28, 2008, denied Murphy Oil’s motion, stating in part as follows:
The contract between Murphy and MEI does not create a presumption that Murphy is a statutory employer under La. R.S. 23:1061. The statute grants both a benefit and a burden; a statutory employer is shielded from tort liability toward its statutory employee in return for providing worker’s [sic] compensation to them. By the terms of its agreement with MEI, Murphy has deviated substantially from the statutory scheme by abrogating its responsibility to pay Mr. Prejean compensation. The agreement requires Murphy pay compensation only if MEI is unable to do so. Such an arrangement is contrary to the plain requirement of the statute; a statutory employer must pay compensation. The employer may then seek indemnity from its contractor.
We are now called upon to conduct a de novo review of the record, in light of the relevant law, to determine whether the trial court’s judgment denying Murphy Oil’s Motion for Partial Summary Judgment was correct.

Standard of Review on Motion for Partial Summary Judgment

An appellate court reviews a district court’s decision to deny a motion for summary judgment de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ramos v. Tulane Univ. of La., 06-0487, p. 3 (La.App. 4 Cir. 1/31/07), 951 So.2d 1267, 1269, citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/05/94), 639 So.2d 730, 750. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the ^affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law.” La.Code Civ. Pro. art. 966(B). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. La. Code Civ. Pro. art. 966(A)(2).
1

Statutory Employer

Discussion of La. R.S. 23:1061: Statutory Employer

The determination of statutory employer status is a question of law for the court to decide. Ramos, supra, 06-0487 at p. 3, 951 So.2d at 1269, citing Trent v. PPG Indus., Inc., 03-1068, p. 7 (La.App. 3 Cir. 2/04/04), 865 So.2d 1041, 1047.
Under the Louisiana Workers’ Compensation Act, La. R.S. 23:1021, et seq., an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers’ compensation benefits as his exclusive remedy against his employer and, thus, may not sue his employer in *770 tort. Ramos, at p. 3, 06-0487, 951 So.2d at 1269, citing Griffin v. Wickes Lumber Co., 02-0294, p. 4 (La.App. 1 Cir. 12/02/02), 840 So.2d 591, 594. The Louisiana Workers’ Compensation Act applies both to a direct employer/employee relationship as well as to a statutory employer/employee relationship. Id.
The doctrine of “statutory employer” is codified in La. R.S. 23:1061 and was amended in 1997 to provide that when a valid written contract recognizes the existence of a statutory employer relationship, “there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor’s employees that can only be overcome by showing the work performed is not an integral part of or essential to the ability of the principal to generate that | (¡principal’s good, products, or services.” La. R.S. 23:1061(A)(3) (emphasis added). Specifically, La. R.S. 23:1061 provides:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any “principal” as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person, in this Section referred to as the “contractor,” for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protection of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under the Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employer under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal’s trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
(2) A statutory employer relationship exists whenever the services to work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor’s employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor’s employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who ^independently of this Section would have been liable to pay com *771 pensation to the employee or his dependent, and shall have a cause of action therefor.
La. R.S. 23:1061.
Louisiana’s Statutory Employer Doctrine has a long history that evolved from both case law and legislative amendments. The history is described in detail in Everett v. Rubicon, 04-1988, pp. 3-12 (La.App. 1 Cir. 6/14/06), 938 So.2d 1032, 1034-41, unit denied, 06-1785 (La.10/13/06), 939 So.2d 369. Without reciting the entire legal history of the statute, it is important to note that in 1997, the legislature amended La. R.S. 23:1061 into its present form. The 1997 legislative amendment, for the first time, provided a definition as to what work should be part of the “principal’s trade, business, or occupation.” Id. at p. 10, 938 So.2d at 1040-41. The amendment further provided that when the written contract between the principal and a contractor recognized a statutory employer relationship, there shall be a rebuttable presumption of such a relationship between the principal and the contractor’s employees, whether direct or statutory employees. Id. In addition to these substantive changes in the statute, the legislature specifically noted its intention to legislatively overrule the statutory employer tests stated in the Louisiana Supreme Court decisions in Berry v. Holston Well Serv., Inc., 488 So.2d 934, 937 (La.1986) and Kirkland v. Riverwood Int’l USA, Inc., 95-1830, pp. 7-8 (La.9/13/96), 681 So.2d 329, 333.[3]
The Louisiana Supreme Court has not yet addressed the effect of the 1997 amendment on the statutory employer standard. However, several appellate courts have addressed the amendment, finding that the amendment established a more |sIiberal standard for statutory employer determination.[4] Everett, supra, 04-1988 at p. 10, 938 So.2d at 1040.
Louisiana Supreme Court Justice Victory, in a dissent unrelated to the subject issue, gave a succinct explanation as to how to apply the 1997 amended version of La. R.S. 23:1061. Dean v. Southmark Construction, 03-1051 (La.7/6/04), 879 So.2d 112. He stated as follows:
[T]he 1997 amendments to La. R.S. 23:1061 set forth two specific circumstances under which a statutory employer will be liable for workers’ compensation benefits to a statutory employee. The first is the “two-contract” theory under La. R.S. 23:1061(A)(2), under which (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters a subcontract for all or part of the work performed.
The second basis for finding a statutory employer-employee relationship is found in La. R.S. 23:1061(A)(3). By virtue of the 1997 amendments, except in cases under the “two-contract” theory, a statutory employer-employee relationship will be found to exist under La. R.S. 23:1061(A)(3) only when: (1) the work is part of the principal’s trade, *772 business, or occupation, which in turn is defined as work which is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services and (2) there is a written contract between the principal and the contractor which recognizes the principal as a statutory employer. Johnson, Louisiana Civil Law Treatise, Vol. Ik, Workers’ Compensation Law and Practice, 4th Ed., 2002, Sec. 363, p. 1780. The 1997 amendments clearly state that such a relationship under La. R.S. 23:1061(A)(3) “shall not exist ... unless there is a written contract ... which recognizes the principal as a statutory employer.”
Dean, 03-1051, dissent, pp. 1-2, 879 So.2d at 119.
|flWhiIe Murphy Oil’s motion, if granted, would not result in the termination of the litigation, it would result in a dismissal with prejudice of Murphy Oil as a party defendant. La. C.C.P. arts. 966(A)(1) and 1915(A)(1).

Discussion: The Philosophy Underlying Statutory Employer Status

As stated by the Louisiana Supreme Court in Roberts v. Sewerage & Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 345, “The dominant purpose of the [workers’ compensation] movement to adopt compensation laws in the early decades of this century was not to abrogate existing tort remedies that afforded protection to workers. Rather it was to provide social insurance to compensate victims of industrial accidents .... ” (emphasis added).
“Workmen’s Compensation Laws are statutory attempts at social adjustment. The adjustment consists of shifting the burden of industrial accidents from the employee, upon whom it has rested heretofore, onto the employer who in turn distributes it among the consumers.”[5] Progressive notions motivated earlier generations to insulate manual laborers from catastrophic financial losses caused by on-the-job injuries at the cost of their pursuing tort actions against their employers. The original concept of “statutory employer” was for the protection not of the principal, but of the employee. Wex S. Malone stated in his treatise:
In the absence of some special provisions in the Workmen’s Compensation Act it would be possible for an employer to avoid his compensation responsibility by interposing an independent contractor between himself and his employee. This, of course, would not deprive the employee of protection so long as the intermediary contractor was solvent or protected by insurance. However, the possibility of using an impecunious middle man as a means of dodging compensation remains, and it was necessary to prevent this by subjecting certain principals to the compensation claims of their contractor’s employees. A provision of this type is found in most | ^compensation acts, and the principal who is affected thereby is commonly known as a statutory employer.
Wex S. Malone, Louisiana Workmen’s Compensation Law and Practice 140-41 (West Publ.1951) (emphasis added).
The Louisiana Legislature has determined that a “principal” may become a statutory employer by contract. While the Legislature acts within its bounds to provide tort immunity to employers, whether they are direct employers or principals, see Forchia v. Browning-Ferris Indus. of Louisiana, 629 So.2d 1238, 1239 (La.App. 4 Cir.1993), the courts lack authority to extend that tort immunity beyond explicit *773 statutory language of La. R.S. 23:1061, which imports the protections of La. R.S. 23:1032. See Scott v. Pontchartrain Materials Corp., 98-1611 (La.App. 4 Cir. 8/12/98), 717 So.2d 682, writ denied, 98-2398 (La.11/20/98), 729 So.2d 555.
The issue in this case is whether the terms and conditions of the contract, which purports to confer the statutory benefits of being an “employer”, i.e. immunity from tort liability, may nonetheless disregard the statutory obligations of the employer.
Workers’ compensation statutes are in derogation of the universal right to sue for damages provided in La. C.C. art. 2315, et seq. Thus we must construe strictly and narrowly the benefit conferred by the status that insulates a statutory employer from paying tort damages to a victim of injurious negligence or dangerous items in the environment of the workplace who, but for his employment status, would be free to sue for tort damages.
This Court in Scott set forth the correct legal principle which ought to guide the Court’s decision:
InThe immunity provision of La. R.S. 23:1032 must be narrowly construed. Stelly v. Overhead Door Co. of Baton Rouge, 94-0569, p. 4 (La.12/9/94), 646 So.2d 905, 910. “Every presumption should be on the side of preserving the general or delictual rights of an injured worker against the actual wrongdoer, in the absence of explicit statutory language limiting or excluding such rights.” Roberts v. Sewerage & Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 346.
Scott, supra, 1998-1611 at p. 4, 717 So.2d at 684.
On the one hand, tort immunity is “narrowly construed” and, on the other hand, tort liability is presumed in the absence of explicit statutory language. One part of the contract between Murphy Oil and MEI, as noted above, explicitly states that “this contract recognizes that Company [Murphy Oil] shall be considered the statutory employer of Contractor’s [MEI] employees and is subcontractors who provide work or services under this Contract in accordance with Louisiana R.S. 23:1031 or R.S. 23:1061.” Article 5.5 of that contract, however, allows Murphy Oil to pay only if the employer or contractor “is unable” to pay: a significant escape hatch and evasion of solidary liability for Murphy Oil.
Just as we must consider all parts of the MEI-Murphy Oil contract, we must consider Parts (A)(1) and (A)(3) of La. R.S. 23:1061 in pari materia. See La. Civ. Code art. 13. The contract seeks to create what its own terms prohibit; one part contradicts ipso facto another part. To create the presumption that a statutory employer relationship exists under La. R.S. 23:1061(A)(3), it is not sufficient to designate a party as a statutory employer in a contract if the terms of that contract allow that party to escape the liability inherent in such a designation. Affording Murphy Oil the protection of statutory employer status under the terms of this contract thwarts the primary purpose of the Workers’ Compensation Law, La. R.S. 23:1021, et seq. When the language of a statute is susceptible of different 112meanings, it should be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ.Code art. 10. And the Workers’ Compensation Law is intended to compensate the injured worker.
We ought, therefore, to begin our consideration of this matter with a presumption that Murphy Oil, which is not the direct employer, is not immunized from tort liability to Mr. Prejean, and that Murphy must establish as a matter of law that there exists “explicit statutory language *774 limiting or excluding” the tort rights of Mr. Prejean against it.
The Legislature has effectively determined that the liability of the principal, who is a statutory employer, and the direct employer is solidary as to the injured worker. La. Civ.Code arts. 1786 and 1790, and La. R.S. 23:1061; Bowens v. General Motors Corp., 608 So.2d 999, 1003 (La. 1992). This has long been the law in Louisiana:
Under the provisions of Section 6, the term employer will also include a principal who hires an independent contractor or a principal contractor who lets to a sub-contractor. Such a principal is liable in solido with the immediate employer and is himself a remote employer. It is optional with the employee to sue either the immediate employer or the principal and they are liable to pay compensation in either case. The purpose of the provision was to protect the employees of sub-contractors who were not financially responsible and at the same time prevent employers from relieving themselves of liability by doing through independent contractors what they could otherwise do through direct employees.
Marian Mayer, Workmen’s Compensation Law in Louisiana 35-36 (LSU Press, 1937) (emphasis added).
The injured worker is the obligee to whom the obligation of benefits is immediately and unconditionally owed by either or both. Neither a direct employer nor a statutory employer may, as to the injured worker, contract away its solidary obligation: “No contract, rule, regulation, or device whatsoever shall h.¡operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided.” La. R.S. 23:1033.
Of course, none of this precludes either the statutory employer or the direct employer from contracting as between themselves rights of contribution or indemnification. See, e.g., La. R.S. 23:1031(B) and 1063(A).

The Validity of Article 5.5 of the Murphy Oil-MEI Contract

The question now turns to the interpretation of the contract, which purports to confer tort immunity upon Murphy Oil while, simultaneously, relieving it of its solidary obligation to Mr. Prejean, if it is his statutory employer. The interpretation of a contract is a question of law. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741. The contractual provision at issue, Agreement Article 5.5, states:
5.5 Statutory Employer
This contract recognizes that Company [Murphy Oil] shall be considered the statutory employer of Contractor’s [Maintenance Enterprises’] employees and its subcontractors who provide work or services under this Contract in accordance with Louisiana R.5. [sic] 23:1031 or R.5. [sic] 23;1061 [sic]. Thus Company is to be granted the exclusive remedy protection of Louisiana R.S. 23:1032 and it shall be liable to pay compensation benefits if the immediate employer, Contractor or its subcontractors as applicable, is unable to meet their financial obligation under the Louisiana Workers’ Compensation Statute for work or service that is performed under this Agreement. The parties agree that the recognition of the Statutory Employer status is made pursuant to R.S. 23:1061 of the Louisiana Workers’ Compensation statute and that Company is not the actual employer of any of the employees of Contractor or any of its subcontractor [sic]. Further, that the company has no control or involvement *775 in the hiring, firing, or direct supervision or direction of any such employees. The work to be performed under this Contract is an integral part of or essential to the ability of Company to generate its good, products or services.
(Emphasis added).
1 uThis contract, or perhaps more appropriately named “device”, inserts an impermissible and unlawful condition to relieve Murphy Oil, the purported statutory employer, of its direct obligation to the injured worker. This contract, or device, does not confer a benefit, i.e. an unconditional right to immediately prosecute a claim for workers’ compensation benefits against either Murphy Oil or MEI, or both. The contract as written restricts and conditions any rights which Mr. Preje-an might have against a “true” statutory employer for immediate and unconditional payment of benefits because it requires Mr. Prejean to prove that his direct employer was “unable” to pay him benefits. It disrupts the statutory scheme by inserting a suspensive condition not recognized in the law which is favorable to Murphy Oñ and unfavorable to Mr. Prejean. La. C.C. art. 1767. Such a contract, if held valid, would place an onerous burden on an injured worker to discover and prove the financial or other reasons the direct employer ascribes to being “unable to pay” him compensation benefits, possibly involving lengthy litigation and very likely depriving that worker of medical care and weekly benefits under the workers’ compensation statutory scheme.
Sanctioning this contract as an appropriate device to immunize a principal when it withholds conferring proportional and correlative benefits to the injured worker invites precisely the buck-passing and refusal to pay benefits observed in Ryan v. Blount Brothers Construction, 40, 845 (La. App. 2 Cir. 4/19/06), 927 So.2d 1242, unit denied, 06-1219 (La.9/15/06), 936 So.2d 1272. In Ryan the statutory employer and the direct employer disputed between themselves which one owed compensation benefits and both withheld payment of benefits to the injured worker. The language of the contract approved here today only encourages such mischief as the Second Circuit recently encountered. The Legislature’s | ^authorization to afford a rebuttable presumption[6] of tort immunity to Murphy Oil would be realizable if the contract at issue excluded the language of the Murphy Oil-MEI contract, Article 5.5, highlighted above.
Murphy Oil has expressed reliance upon several cases for the proposition that the disposition which we set forth has been previously rejected by other courts. The decision in Smith v. Marathon Ashland Petroleum LLC, 04-517 (La.App. 5 Cir. 10/26/04), 887 So.2d 618, does not conflict with this result. The contractual language is clearly and unambiguously regulating the rights and responsibilities of the statutory and direct employers as between themselves, which is permissible. Unlike the instant case, the contract in Smith did not establish a payment regime to the injured worker which is contrary to law. Indeed, Smith expresses the notion that before a determination of a “rebuttable presumption” is made, there should first be a finding of a “valid written contract.” Id. at p. 7, 887 So.2d at 617 (emphasis added). Smith supports the view that if the contractual provision purporting to immunize the principal is invalid, then the inquiry is brought to a close. Johnson v. Tennessee Gas Pipeline Company, 99 F.Supp.2d 755, 758 fn. 3 (E.D.La.2000) is another case where the contractual language relative to payments of benefits only *776 modifies the obligations among the obli-gors, and not toward the obligee, the injured worker.
In Everett, supra, 04-1988 at p. 13 fn. 7, 938 So.2d at 1042 fn. 7, the First Circuit decided a case with contractual language virtually identical to the contractual provision in the Murphy Oil and MEI contract. However, the invalidity, unlawfulness or unenforceability of that provision was neither examined nor considered by the First Circuit in Everett.
11 «Therefore, we conclude that the provision of the contract which purports to confer tort immunity to Murphy Oil while modifying, and even renouncing, the unconditional obligation of solidary liability to Mr. Prejean is invalid. Because Murphy Oil did not accept unconditionally, implicitly or explicitly, the obligation of a statutory employer, it cannot obtain the benefit of a statutory employer, which is tort immunity. In order for a contract to validly confer the status of statutory employer upon a principal, its terms and conditions cannot relieve a party of the statutory obligations which arise from such status unless the Legislature explicitly provides otherwise.
The temptation to enter the bargain between Murphy Oil and MEI is great; the principal limits in advance its liability for causing physical injury to another by bargaining not with that person, a circumstance which is generally prohibited in law,[7] but with that person’s employer. The employer for its part trades nothing of its own; its only trade is its employee’s right to damages. The presumption in favor of the preservation of Mr. Prejean’s general and delictual rights as an injured worker against Murphy Oil is not overcome.

Factual Issues Regarding Mr. Prejean’s Duties Affecting Murphy Oil’s “Ability to Generate its Goods, Products or Services” Precluding Murphy Oil’s Dismissal by Partial Summary Judgment

Although we are not required to examine the record further after we have found that the trial court properly denied Murphy Oil’s motion for partial summary judgment, nevertheless we note that the presence of factual issues concerning the |17work Mr. Prejean was performing at the time of his injury remain to be resolved by the trier of fact.
Mr. Prejean argues that the work he was performing for MEI, which consisted of cleanup, repair, and reconstruction of fire-damaged equipment, was not an integral part of or essential to the ability of Murphy to produce and distribute petroleum products. Even if the MEI-Murphy Oil contract in dispute were to establish a rebuttable presumption of a statutory employer relationship (which we today hold that it does not), whether Mr. Prejean can overcome that presumption constitutes an issue of fact which suffices to preclude summary judgment in this case. See La. Code Civ. Pro. art. 966; South Central Bell Tel. Co. v. Sewerage & Water Bd. of New Orleans, 94-1648 (La.App. 4 Cir. 3/16/95), 652 So.2d 1090, 1092-93. Accordingly, the trial court properly denied Murphy Oil’s motion for partial summary judgment.
DECREE
For the foregoing reasons we affirm the trial court’s denial of Murphy Oil’s motion for partial summary judgment.
AFFIRMED.
*777 MCKAY, J., concurs.
TOBIAS, J., dissents.
LOMBARD, J., dissents and assigns reasons.

. Prejean v. Maintenance Enterprises, Inc., 08-0611 (La.App. 4 Cir. 5/2/08), 979 So.2d 1289(unpublished) (Tobias and Cannizzaro, JJ., dissenting).

. The matter was returned to the same five-judge panel, except Judge Cannizzaro had since vacated his seat and his successor was substituted on the panel.

. In the ten years following a 1976 amendment of La. R.S. 23:1032, the Louisiana Supreme Court in Berry began a discernable shift from a liberal to a more restrictive construction of the statutory employer defense See Everett, supra, 04-1988 at pp. 5-6, 938 So.2d at 1036, and Kirkland, 681 So.2d at 334.

. See, e.g. Ramos v. Tulane Univ. of Louisiana, 06-0487 (La.App. 4 Cir. 1/31/07), 951 So.2d 1267; Jackson v. St. Paul Ins. Co., 04-0026 (La.App. 1 Cir. 12/17/04), 897 So.2d 684; Applegarth v. Transamerican Ref. Corp., 00-1547 (La.App. 5 Cir. 2/28/01), 781 So.2d 804; and Trent v. PPG Indus., Inc., 03-1068 (La.App. 3 Cir. 2/4/04), 865 So.2d 1041.

. Marian Mayer, Workmen’s Compensation Law in Louisiana, (LSU Press, 1937), p. 1.

. La. R.S. 23:1061(A)(3) and La.Code of Evidence art. 304.

. Such a bargain is generally prohibited in law. La. Civil Code art. 2004 provides in part: "Any clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party.”