FREDERICKA HOMBERG WICKER, Judge.
|aPlaintiff appeals the trial court’s judgment granting defendant’s exceptions of no right and no cause of action determining that plaintiff is precluded from pursuing an action against defendant in tort because defendant is entitled to statutory employer status as provided in La. R.S. 23:1061(A)(3). The trial court failed to rule on the issue raised of whether La. R.S. 23:1061(A)(3) is constitutional. For the reasons discussed below, we vacate the trial court judgment and remand this matter for consideration and determination of the constitutionality of La. R.S. 23:1061(A)(3).

FACTS

On June 10, 2010, plaintiff, Vincent E. Johnson, filed suit against defendants Mo-tiva Enterprises, LLC (hereinafter “Moti-va”), Anastasia Coleman, Mike Johnson, and Corey Bazile[1], for damages arising out of exposure to toxic chemicals while working at Motiva’s refinery in Norco, Louisiana. Plaintiff alleges that, on January 16, 2010, while working as an environmental cleanup truck driver, he reported to the Motiva Norco refinery to perform tank siphoning and cleaning services. Plaintiff alleges that Motiva’s employees’ negligence caused the vacuum |4line from the tank to spray hazardous and toxic chemicals on plaintiffs person resulting in severe and disabling personal injuries.
On August 16, 2010, defendants filed exceptions of no right of action and no cause of action, asserting that plaintiff is precluded from pursuing an action in tort against defendant but is rather limited to his claims under the Louisiana Worker’s Compensation Act (LWCA).[2] Motiva argues that it is granted statutory employer status through its contract with plaintiffs direct employer as provided by La. R.S. 23:1061(A)(3)[3]. Defendants attached to *1088 their exceptions the contract between Shell Oil Company (Shell) and AbClean, Inc. filed under seal.
On November 8, 2010, plaintiff filed a First Supplemental and Amending Petition, adding his three minor children as plaintiffs and asserting their loss of consortium claims. The supplemental petition further sought a declaratory judgment on the issue of the constitutionality of La. R.S. 23:1061(A)(3). On December 6, 2010, defendants filed Exceptions to the Supplemental and Amending Petition, re-urging all exceptions to the original petition and asserting an additional exception of no cause of action as to the constitutionality issue of 23:1061(A)(3).
The trial court took the matter under advisement and rendered judgment on April 8, 2011, with written reasons, granting defendants’ exceptions of no cause of action and no right of action. The written reasons for judgment indicate the trial judge found that a valid contract exists between Motiva and AbClean, Inc. and, therefore, Motiva is entitled to statutory employer status as provided by La. R.S. 1523:1061(A)(3). The trial court refused to consider the constitutionality of the statute, finding that the matter could be determined on non-constitutional grounds. Plaintiff timely appeals the judgment.

DISCUSSION

We will begin by addressing plaintiffs argument that La. R.S. 23:1061(A)(3) is unconstitutional. Plaintiff argues that La. R.S. 23:1061(A)(3) violates his constitutional guarantees of due process, equal protection under the law, and access to the courts for an adequate remedy for injuries. He argues the 1997 amendment to the statute permits AbClean, Inc. and Shell to contract away his otherwise vested right to sue Motiva in tort for the injuries sustained. Plaintiff further claims that the statute at issue allows for disparate treatment among employees based upon whether their employers entered into a written contract with a principal regarding statutory employer status.
An appellate court may not consider a constitutional challenge unless it was “properly raised and pleaded in the trial court below.” Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65; Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 4 (La.1/26/96), 671 So.2d 899, 901; State v. Hatton, 2007-2377, p. 13 (La.7/1/08), 985 So.2d 709, 718. The record of the trial court proceeding should be such that an appellate court’s review can determine whether “the party attacking the statute sustained his or her burden of proof, and whether the trial court attempted to construe the statute so as to preserve its constitutionality.” Vallo, 94-1238, p. 8 (La.11/30/94), 646 So.2d at 865; see also Williams v. Jackson Parish Hosp., 31,492 (La.App. 2 Cir. 1/13/99), 729 So.2d 620, 624, writ denied, 99-0458 (La.4/1/99), 742 So.2d 558. In this case, the constitutional issue, although briefed and argued at hearing, was considered by the trial court to be pretermitted.
1 (¡Jurisprudence instructs that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of the constitutional issue is essential to the decision of the case or controversy. Ring v. State, Dept. of Transp. & Dev., 2002-1367, p. 4 (La.1/14/03), 835 So.2d 423, 426; State v. Fleming, 2001-2799, p. 4 (La.6/21/02), 820 So.2d 467, 470. In this case, the determination of whether La. R.S. 23:1061(A)(3) is constitutional is dispositive of the seminal issue on appeal of whether the defendant *1089 is entitled to the tort immunity as provided in the statute.
As such, we find that plaintiffs constitutional claim has not been adjudicated by the trial court and therefore is not properly before this court. Accordingly, we vacate the judgment on appeal and remand this case to the trial court for a ruling on the constitutionality of La. R.S. 23:1061(A)(3).
JUDGMENT VACATED; MATTER REMANDED TO TRIAL COURT

. The record indicates that Mike Johnson was not served and did not make an appearance.

. Defendants also filed exceptions of improper venue, vagueness or ambiguity, nonconformity of the Petition, and lis pendens. These exceptions are not at issue in the instant appeal.

. La. R.S. 23:1061(A)(3) provides:
Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor’s employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the *1088 principal to generate that individual principal's goods, products, or services.