ROBERT M. MURPHY, Judge.
|,.jin this matter, plaintiffs Vincent E. Johnson[1] and his three minor children[2] seek reversal of the trial court’s judgment that found Motiva Enterprises, L.L.C. (“Motiva”) to be plaintiffs statutory employer, thus limiting his remedy against Motiva and its named employees to workers’ compensation rather than in tort. Plaintiffs further appealed the trial court’s upholding the constitutionality of La. R.S *486 23:1061(A)(3), the statutory employer immunity provision as amended in 1997 and the denial of plaintiffs’ request for declaratory judgment. For the reasons that follow, we affirm the trial court’s judgment in its entirety.
FACTS AND PROCEDURAL HISTORY
In 2009, Shell Oil Company as Buyer and AbClean, Inc. as Vendor contracted such that Shell would be entitled to statutory employer status for the tank cleaning work AbClean employees performed in Louisiana. The contract listed Shell and its affiliates including Motiva Enterprises, L.L.C. and included work locations such as the Motiva refinery in Norco, Louisiana.
4Plaintiff Vincent Johnson worked as an environmental cleanup truck driver for United States Industrial Services, Inc. (“USIS”), the successor entity of AbClean following a reorganization on December 31, 2009. On January 16, 2010, Johnson drove a USIS cleanup truck to the Motiva Norco refinery to perform tank cleaning. A few minutes into the removal process, Motiva’s operator appellee/defendant Anastasia Coleman asked plaintiff to disengage the truck’s vacuum line so that she could take a sample. Coleman was soon replaced by Mike Johnson[3] before plaintiff had finished his task. The site supervisor, appellee/defendant Corey Ba-zile, instructed plaintiff to recommence pumping. When vapors collected in the area, Bazile allegedly told plaintiff to move the USIS truck. Plaintiff contended that Mike Johnson assured him that the valves were closed. The valves, which had remained open, allegedly sprayed carcinogenic materials, including benzene, onto plaintiff causing damages. Plaintiff alleged that Motiva failed to report the incident and delayed providing him medical attention. Plaintiff was ordered not to return 'to work. He contended that the incident caused multiple polyps in his gall bladder which later had to be removed. He further claimed mental anguish and depression caused by the incident.
Plaintiff received workers’ compensation benefits from AbClean/USIS; on June 10, 2010, he filed a tort claim in the district court against Motiva and individual employees Coleman and Bazile (collectively “appellees”). Defendants Motiva and Coleman filed exceptions of no cause of action and no right of action, claiming Mo-tiva’s statutory employer status and immunity in tort. On November 8, 2010, plaintiff filed a first supplemental and amending petition adding claims of his three minor children and seeking declaratory relief that the statutory provision providing for tort immunity for statutory employers pursuant to a written contract, |fiLa. R.S.23:1061(A)(3)[4], is unconstitution *487 al as applied here. Plaintiffs claimed that the provision at issue, La. R.S. 23:1061(A)(3)[5], violated equal protection, due process, and access to the courts. The defendants reurged their exceptions to the original petition and raised exceptions of no cause of action to the constitutional challenge.
On April 8, 2011 after permitting additional arguments on the exceptions and constitutional issues, the trial court sustained Motiva’s exceptions, finding Motiva to be a statutory employer and thus immune to plaintiffs’ suit in tort; the trial court declined to reach the constitutional issue and dismissed the case. Plaintiffs appealed.
On May 8, 2012, this Court vacated the trial court’s April 19, 2011 judgment in its entirety, found that the trial court should have ruled on the constitutionality of La. R.S. 23:1061(A)(3), and remanded. Johnson v. Motiva Enterprises, L.L.C., |fill-949 (LaApp. 5 Cir. 5/8/12), 95 So.3d 1086. The parties filed supplemental memoran-da; on June 29, 2012, the trial court heard oral argument and took the matter under advisement. On July 23, 2012, the trial court found the 1997 statutory amendment adding statutory employer tort immunity based on contract to the Louisiana Workers’ Compensation Act (“LWCA”) to be constitutional; it denied plaintiffs’ motion for declaratory judgment and granted Motiva’s exceptions of no cause of action and no right of action. The trial court found that defendants were entitled to tort immunity under La. R.S. 23:1032 & 23:1061(A)(3).
ASSIGNMENTS OF ERROR
Appellants assigned the following errors in the trial court’s July 23, 2012 judgment:
1. The trial court erred in not applying the correct legal standard to the evidence presented by the parties on Motiva’s exception of no right of action by not resolving all disputes in favor of Mr. Johnson.
2. The trial court erred in finding that there was a written contract between Motiva and USIS, Mr. Johnson’s employer on the date of the accident, which made Motiva the statutory employer of Mr. Johnson pursuant to La. R.S. 23:1061(A)(3).
*488 3. The trial court erred in finding that Motiva is entitled to statutory employer status under the LWCA despite the ambiguities contained in the contract between Shell Oil Company and AbClean, the predecessor of USIS, on which Motiva relies, as to whether AbClearis employees are independent contractors or statutory employees.
4. The trial court erred in not applying the reasoning and holding of Preje-an v. Maintenance Enterprises, Inc., 08-0364 (La.App. 4 Cir. 3/25/09), 8 So.3d 766, to invalidate the provision of the Agreement that purports to confer tort immunity on Motiva.
5. The trial court erred in granting Motiva’s exception of no right of action as to Mr. Johnson’s claims for mental injuries, which Motiva did not demonstrate fell within the scope of the LWCA.
6. The trial court erred in applying the correct legal standard to Motiva’s exception of no cause of action by failing to resolve all doubts in favor of the sufficiency of the petition.
177. The trial court erred in denying Mr. Johnson’s request for declaratory judgment declaring La. R.S. 23:1061(A)(3) of the LWCA to be unconstitutional.
8. The trial court erred in finding La. R.S. 23:1061(A)(3) constitutional in that it arbitrarily and capriciously discriminates among similarly injured employees.
9. The trial court erred finding La. R.S. 23:1061(A)(3) constitutional in that its application to this case allows third parties to divest Mr. Johnson of his vested property interest and access to courts.
STANDARD OF REVIEW
No right' of action. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews de novo. Caro Properties (A), L.L.C. v. City of Gretna, 08-248 (La.App. 5 Cir. 12/16/08), 3 So.3d 29, 31.
No cause of action. The appellate court reviews a trial court’s ruling sustaining an exception of no cause of action de novo because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Guidry v. Hanover Ins. Co., 09-220 (La. App. 5 Cir. 11/10/09), 28 So.3d 426, 429. The Court rejects defendants’ position that the trial court’s ruling is protected by manifest error.
Constitutionality. The standard of review of a trial court’s ruling declaring the constitutionality of a statute is de novo. Louisiana Mun. Ass’n v. State., 04-0227 (La.1/19/05), 893 So.2d 809, 842-43.
LAW AND ANALYSIS
Assignments of error one through six relate to the trial court’s finding Motiva to be plaintiffs statutory employer.
No right of action in toH. Appellants contend that appellees have not sustained their burden to prove that appellant does not have a right of action. See \ ^Robertson v. Sun Life Financial, 09-2275 (LaApp. 1 Cir. 6/11/10), 40 So.3d 507, 512. This Court, on de novo review, is asked to determine whether the appellant belongs to the class of persons to whom the law grants the cause of action asserted in the petition. Caro Prop., supra, 3 So.3d at 32.
Appellants argue that they can sue ap-pellees in tort because Motiva is not entitled to statutory employer status for the following reasons: Motiva was not a party to the contract; that the contract is ambiguous as to whether AbClean’s employees *489 are classified as Shell’s independent contractors; and that the contract is unenforceable under Prejean, supra.
The appellees contend that the trial court properly held that appellants have no right of action against appellees to recover damages in tort, because a written contract exists identifying Shell affiliate Moti-va as appellant’s statutory employer under La. R.S. 23:1061(A)(3) and because appellants made no effort to rebut the presumption as required by statute that the principal’s work is “not an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.” Appellees argue that Motiva is entitled to statutory employer status, precluding appellants’ cause of action in tort and restricting appellants’ action to workers’ compensation.
Statutory employer status. Prior to the 1997 amendment, statutory immunity was based on an evaluation of the relationship of the immediate employer’s work to the work or product of the principal. The 1997 amendment to La. R.S. 23:1061,[6] which added Subpart (A)(3) and became effective on June 17, 1997, created a presumptive statutory employer status based on a written contract between the principal and immediate employer. After 1997, if the employee could show the immediate employer’s work was not an integral part of the principal’s work or 13product, he or she could rebut the presumption of statutory employer status created by the existence of a contract.
The written contract at issue between Shell as Buyer and AbClean as Vendor was executed six months before the incident. It contains a statutory employer provision at Section 32:
BUYER [Shell] and VENDOR [AbCle-an] agree that while VENDOR and any of its employees, agents, or subcontractors are performing Services under this Agreement in Louisiana such work in whole or in part is a part of the trade, business or occupation of BUYER and is an integral part of and essential to the ability of BUYER to generate its goods, products and services. BUYER or any of its subsidiaries or affiliates involved in the Services performed hereunder in Louisiana shall be considered a Statutory Employer within the meaning set forth in La.Rev.Stat. 23:1061 of those employees, agents, and subcontractors of [AbClean] performing Services hereunder in Louisiana and such employees, agents and subcontractors shall be considered Statutory Employees as the meaning is set forth in La.Rev.Stat. 23:1061. (Emphasis added).
Under “Affiliates and Subsidiaries,” Moti-va Enterprises is listed in the contract as “Buyer’s Affiliate,” and the “Norco Refinery,” owned by Motiva, where the incident occurred, is identified as a “Participating Location.” USIS is the surviving entity of a December 31, 2009 merger between Ab-Clean and several other entities.
Appellants seek a strict application of La. R.S. 1061(A)(3) which requires a written contract between the principal and the direct employer. The statutory employer relationship “shall not exist unless there is a written contract between the principal and a contractor which is the employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer.” Id. The appellants argue that the trial court erred in finding that Motiva was entitled to statutory employer status under La. R.S. 23:1061(A)(3), because the contract at issue was between Shell and AbClean and there was no contract between Motiva and *490 USIS. Appellants contend it would lead to absurd consequences if all named hpand unnamed affiliates are deemed parties to the contract creating statutory employer status.
The appellees argue contrariwise that the contract makes Motiva appellant’s statutory employer, as it is a listed subsidiary of Shell. The appellees rely on the language of Section 32 which provides that “BUYER or any of its subsidiaries or affiliates ... shall be considered a Statutory Employer.” (Emphasis added). The appellees also contend that AbClean simply changed its name to USIS and thereby did not alter its rights and obligations under the contract. Motiva notes that appellant used the names AbClean and USIS interchangeably: in his petition appellant alleges that he was in the course and scope of his employment with AbClean at the time of the accident. In other instances, his direct employer is noted as USIS, after the AbClean mergers. The trial court held that the change of name here has no effect on the rights and obligations of the parties to the agreement. See Town of Haynesville, Inc. v. Entergy Copr., 42,019 (La.App. 2 Cir. 5/2/07), 956 So.2d 192.
Appellants’ suggested rigid application of La. R.S. 23:1061(A)(3) to limit the creation of statutory employer status to the parties executing the agreement is not supported by case law. In St. Angelo v. United Scaffolding, Inc./X-Serv., Inc., 09-1420 (La.App. 4 Cir. 5/19/10), 40 So.3d 365, unit denied, 10-1412 (La.9/24/10), 45 So.3d 1082, the Fourth Circuit held that the statutory employer provision executed by the procurement division on behalf of the refinery owner inured to the benefit of the refinery owner, a separate corporate entity from the operator. The St. Angelo court rejected the argument that the agreement, which was not directly between a principal and a contractor, did not bestow statutory employer status. The court thus held a broad view of what constitutes a principal under the statute.
|n Jurisprudence further recognizes the common intent of the parties in creating statutory employer status. In Fleming v. JE Merit Constructors, Inc., 07-926 (La. App. 1 Cir. 3/19/08), 985 So.2d 141, the First Circuit held that a letter from the principal to the plaintiffs direct employer containing a proposed contractual amendment was sufficient to confer statutory employer status. See also Joseph v. Shell Chemical Co., 07-5489 (E.D.La.6/23/09), 2009 WL 1789422, affd sub nom., Joseph v. Shell Chem, LP, 390 FedAppx. 401 (5th Cir.2010) (Motiva found to be presumptive statutory employer under substantially similar provision set forth in the instant contract.). Appellees here contend that requiring a separate contract between large corporations by each affiliate and each contractor would be cost prohibitive and is not required by the LWCA.
Based on case law’s broader application of principal to include the intent of the parties and USIS having the same rights and obligations as its pre-merger entity AbClean, appellants’ argument that La. R.S. 23:1061(A)(3) is not applicable is without merit.
Ambiguity of contract. Appellants argue that the contract’s inclusion of a provision regarding independent contractors makes the statutory employer provision ambiguous and unenforceable. Appellants contend that the contract is ambiguous as to whether appellant is an independent contractor or a statutory employee of AbClean and that this ambiguity should be construed against Motiva. Appellants suggest that AbClean and its employees are independent contractors and are therefore excluded from coverage under the LWCA.
*491 Section 31 of the agreement, relating to independent contractors, begins “Except as otherwise set forth herein ” and further provides that AbClean and its employees are not considered Buyer’s employees or agents and are not eligible to participate in Buyer’s employee benefit plans. Appel-lees contend that appellants | iaare reading the independent contractor provision too narrowly, and that the provision must be read together with Section 32, which provides that AbClean’s employees will be considered the statutory employees of Mo-tiva for services performed under the contract in Louisiana. In other words, Section 32’s statutory employer status for work performed in Louisiana is one exception to Section 31’s independent contractor provision as per the above-cited “[e]xcept as otherwise set forth herein” language.
We find that reading the two provisions together does not render the statutory employer provision ambiguous.[7] This holding is consistent with that of the First Circuit in Mitchell v. Southern Scrap Recycling, L.L.C., 11-2201 (LaApp. 1 Cir. 6/8/12), 93 So.3d 754, writ denied, 12-1502 (La.l0/12/12), 99 So.3d 47. That contract included a statutory employer provision and an independent contractor section which provided that neither the contractor nor any of its employees would be “deemed for any purpose to be the employee” of the principal. The court rejected the plaintiffs argument that the independent contractor provision rendered the statutory employer provision ambiguous and found that the independent contractor provision was “irrelevant” in deciding the specific issue of whether the principal was entitled to tort immunity. Id. at 759. In the instant matter, we find that the express language of Section 32 controls as to whether the appellees are entitled to statutory immunity and that other provisions on different issues are irrelevant in determining the statutory employer status.
Appellants further argue that the seventy-seven page agreement has only one provision, Section 32, pertaining to statutory employer status. Appellees respond that the statute, La. R.S. 23:1061(A)(3), requires only a written agreement providing that the principal will be deemed the statutory employer of the | ^contractor’s employees. That contract does so provide at Section 32, that AbClean employees, and by extension those of its corporate successor USIS, will be considered statutory employees of Motiva for services performed under the agreement in Louisiana pursuant to La R.S. 23:1061(A)(3).
Appellants’ argument that the contract is ambiguous and should be construed against Motiva is without merit.
Applicability of Prejean. Appellants contend that the contract creating statutory employer immunity status is unenforceable under Prejean, supra. In Prejean, a plurality opinion of the Fourth Circuit, the court determined that Murphy Oil, the alleged principal was not immune in tort despite contractual language that Murphy Oil was the statutory employer. The objectionable contract obligated Murphy Oil to pay workers’ compensation benefits only if the direct employer was “unable” to meet their financial obligation under the LWCA:
This contract recognizes that Company [Murphy Oil] shall be considered the statutory employer of Contractor’s [Maintenance Enterprises’] employees and it subcontractors who provide work or services under this Contract in accordance with [La. R.S. 23:1031] or [La. R.S. 23:1061]. Thus Company is to be granted the exclusive remedy protection of Louisiana R.S. 23:1032 and it shall *492 be liable to pay compensation benefits if the immediate employer, Contractor or its subcontractors as applicable, is unable to meet their financial obligation under the Louisiana Workers’ Compensation Statute for work or service that is performed under this Agreement.
Based on the complained-of contract language, the Prejean court held that the principal cannot contract to take advantage of statutory employer benefits while repudiating the obligation imposed on statutory employers. Id. The Fourth Circuit found that the contractual language created an unlawful condition in that it required the injured employee to demand workers’ compensation benefits from either his direct employer or his statutory employer. Appellants argue that the holding in Prejean is applicable here, as Shell is not responsible for maintaining | ^workers’ compensation benefits because AbClean is required to maintain and pay all benefits.
In the instant matter, the appellees contend that there is no such unlawful condition to demand workers’ compensation benefits from either his direct employer or his statutory employer as the contract creates no burden on appellant to establish that his direct employer is unable to pay, as was the case in Prejean. Appellees point out that the contract allows appellant to recover workers’ compensation benefits from Motiva as his statutory employer or from USIS, his direct employer.
The Legislature has effectively determined that the liability of the principal, who is a statutory employer, and the direct employer is solidary as to the injured worker. La. C.C. arts. 1786 and 1790, and La. R.S. 23:1061; Bowens v. General Motors Corp., 608 So .2d 999, 1003 (La.1992). The injured worker is the obligee to whom the obligation of benefits is immediately and unconditionally owed by either or both. Neither a direct employer nor a statutory employer may, as to the injured worker, contract away its solidary obligation: “No contract rule, regulation, or device whatsoever, shall operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided.” La. R.S. 23:1033. However, the statutory employer and direct employer are not prohibited from' contracting as between themselves rights of contribution or indemnification. See, e.g., La. R.S. 23:1031(B) and 1063(A). Prejean, supra; Mitchell, supra.
We find that Prejean does not apply and the exclusive remedy provisions of the LWCA control. The contract at issue does not contain an unlawful condition requiring an initial demand on the immediate employer to the benefit of the statutory employer.
| ifiFor the reasons above that appellees have complied with the contract requirements of La. R.S. 1061(A)(3), that the written contract is not ambiguous vis-a-vis the independent contractor provision when read together with the statutory employer provision, and that Prejean is inapplicable to the contract here, we find on de novo review that the trial court correctly ruled that Motiva is entitled to statutory immunity status and that appellants have no right of action in tort.
Burden of proving mental injuries. Appellant contends that he has suffered severe mental distress as a result of the incident including fear of cancer and depression. Appellant contends that if an employee is not entitled to a workers’ compensation remedy, the employer or statutory employer is not entitled to tort immunity. See O’Regan v. Prefer)~ed Enterprises, Inc., 758 So.2d 124, 127 (La. 2000). Appellant argues that to restrict Motiva to a workers’ compensation remedy, Motiva must first establish that plain *493 tiffs mental injuries are compensable under the LWCA.
Appellees rely on La. R.S. 23:1021(8)(c)-(d) in support of their position that mental injury is compensable under the LWCA. The appellees concede that the statute establishes a higher burden on the workers’ compensation claimant attempting to recover benefits for certain conditions, i.e., mental injuries, heart disorders and peri-vascular disease, which commonly arise in the general population. However, the ap-pellees contend that La. R.S. 23:1021(8) does not require appellees to meet the burden of introducing evidence that appellant’s particular mental injuries are covered under the LWCA before an injured employee can claim mental injury under the Act.
We find no requirement that Motiva was required to prove by “clear and convincing” evidence that appellant’s claims for mental injuries are covered by the LWCA. The burden, albeit a higher one for mental injuries under the LWCA, | ^remains with the workers’ compensation claimant, despite appellant’s assertions to the contrary.
We find that appellants’ assignments of error one through six lack merit, that Mo-tiva is entitled to statutory employer immunity in tort, and that appellants’ sole remedy is under the LWCA. La. R.S. 23:1032. As a statutory employee, appellants do not belong to that class of persons who have a right of action against Motiva in tort. Additionally, we find that the trial court correctly ruled that appellant has not stated a cause of action in negligence/tort for his and his children’s damages.
Assignments of error seven through nine pertain to the declaratory relief sought by appellants, that La. R.S. 23:1061(A)(3) unconstitutionally violates equal protection, due process, and access to the courts. Having remanded the constitutional issue to be addressed by the trial court, we now review its ruling de novo.
Appellants contend that the Supreme Court has not addressed the issue of the 1997 amendment, which added Subpart (A)(3) to La. R.S. 1061. In Moore v. RLCC Technologies, Inc., 95-2621 (La.2/28/96), 668 So.2d 1135, the Supreme Court upheld the granting of tort immunity to principals under the “integral relationship” test. This 1996 decision did not address the 1997 amendment, adding the rebuttable presumption of Subpart (A)(3).
La. R.S. 23:1020.1 sets forth the Legislature’s intent and purpose of the Louisiana Workers’ Compensation Act and provides, in pertinent part:
C. Legislative intent. The legislature finds all of the following:
(1) That the Louisiana Workers’ Compensation Law is to be interpreted so as to assure the delivery of benefits to an injured employee in accordance with this Chapter.
(2) To facilitate injured workers’ return to employment at a reasonable cost to the employer.
|17P. Construction. The Louisiana Workers’ Compensation Law shall be construed as follows:
(1) The provisions of this Chapter are based on the mutual renunciation of legal rights and defenses by employers and employees alike; therefore, it is the specific intent of the legislature that workers’ compensation cases shall be decided on their merits.
⅜ * *
(3) According to Article III, Section 1 of the Constitution of Louisiana, the legislative powers of the state are vested solely in the legislature; therefore, when the workers’ compensation statutes of this state are to be amended, the legislature acknowledges its responsibility to *494 do so. If the workers’ compensation statutes are to be liberalized, broadened, or narrowed, such actions shall be the exclusive purview of the legislature.
Equal protection. The Appellants claim that the statutory employer immunity provision as amended violates equal protection, as it arbitrarily and capriciously discriminates among similarly situated employees. Louisiana Constitution Article I, Section 3 provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
In Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), the Supreme Court set forth the criteria to determine whether an equal protection violation has occurred:
Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest.
Since there is no suspect class issue in the present case, the challenged provision is | i8not subject to the strict scrutiny requirements of Sibley’s parts one and two, above. The provision will therefore be reviewed to determine whether the classification is rationally related to a legitimate state purpose, the “rational basis” test. See Frederick v. Ieyoub, 99-0616 (La.App. 1 Cir. 5/12/00), 762 So.2d 144, 148, writ denied, 2000-1811 (La.4/12/01), 789 So.2d 581 {citing Clements v. Fashing, 457 U.S. 957,102 S.Ct. 2836, 73 L.Ed.2d 508 (1982)).
The trial court recognized the purpose of regulating workers’ compensation: (1) by spreading the cost of doing business to the industry as opposed to the individual employer, and (2) to allow for a compromise between the employer and employee where the employer is given tort immunity in exchange for the right of the injured employee to receive benefits, regardless of fault.
We first find that even prior to the 1997 amendment, Section 1032 extended tort immunity to a principal and its employees, although applying a different test.
We find that classifying injured workers with a “statutory employer contract” furthers a legitimate governmental interest by spreading the cost of doing business to the industry as opposed to the individual employer. This spreading of the costs, including the statutory employer’s paying into the workers’ compensation system through insurance premiums, does not make the individual employer liable for the full cost. By requiring the injured employee to resolve any on-the-job injuries through the LWCA, injured employees receive medical treatment and timely indemnity without regard to fault, in exchange for the statutory employer’s receiving tort immunity. We find the rational basis satisfied and that appellant has failed his *495 burden to prove a violation of equal protection.
Due process. The Fourteenth Amendment to the U.S. Constitution prohibits a state from “depriv[ing] any person of life, liberty, or property, except by due | ^process of law.” Identical in scope and purpose, La. Const. Art. 1, Section 2 provides that “[n]o person shall be deprived of life, liberty, or property, except by due process of law.” The Louisiana Constitution further provides for “open courts.” La. Const. Art. I, Section 22. Procedural due process concerns the means or processes used by the State to effect the deprivation of a fundamental right or property interest. Messina v. St. Charles Parish Council, 03-644 (La.App. 5 Cir. 12/30/03), 865 So.2d 158, 161, writ denied, 2004-0285 (La.3/26/04), 871 So.2d 354, cert, denied, 04-279 (2005), 544 U.S. 1060, 125 S.Ct. 2512, 161 L.Ed.2d 2209. Appellant argues that he has been deprived of a vested, fundamental right to sue in tort under La. C.C. art. 2315 and that his access to the court has been denied.
Appellees argue that there is no such deprivation of a fundamental right, as the statute at issue adequately affords procedural due process by the setting up of a specialized workers’ compensation court system to handle claims on an expedited basis, to provide proper medical treatment, and to facilitate the prompt return of employees to the workplace. La. R.S. 23:1020.1.
We find that the granting of tort immunity through the statutory employer provision at issue does not deprive appellant of procedural due process and does not restrict his right to be heard at a meaningful time and manner in the workers’ compensation tribunal. We find that the workers’ compensation courts are the least restrictive means of providing an injured employee direct access to courts without unnecessary delays in receiving medical treatment and benefits.
Appellant contends that the provision violates his substantive due process. To find a violation of substantive due process, a court must find that the government acted arbitrarily and capriciously without any substantial relationship to public health, safety, morals, or general welfare. See State v. Edwards, 00-1246 (La.6/1/01), 787 So.2d 981, 992; Standard Materials, Inc. v. City of Slidell, 96J068420 (La.App. 1 Cir. 9/23/97), 700 So.2d 975, 985. Governmental action does not violate substantive due process if the action is rationally related to a legitimate government purpose. Standard Materials, supra.
We do not find that the Legislature’s enactment of La. R.S. 23:1061(A)(3) was arbitrary and capricious. Here, we find that maintaining the health and safety of an injured worker until he is able to return to work and maintaining the welfare of the workers’ compensation industry are legitimate government purposes to justify the loss of the injured employee’s ability to file a workers’ compensation claim in a district court. The finding of a rational relationship of the statutory employer statute and preserving the health and welfare of the injured worker and preserving the workers’ compensation industry negates any argument that the Legislature acted arbitrarily and capriciously in enacting La. R.S. 23:1061(A)(3). We therefore conclude that La. R.S. 23:1061(A)(3) does not violate substantive due process.
DECREE
For the foregoing reasons, the Court affirms the trial court’s judgment sustaining Motiva’s exceptions of no right of action and no cause of action, finding that Motiva is immune in tort as appellant’s statutory employer, and upholding the con *496 stitutionality of La. R.S 23:1061(A)(3). We affirm the July 23, 2013 judgment of the trial court in its entirety.

AFFIRMED.

. Singular "plaintiff” or "appellant” refers to Vincent E. Johnson.

. Plural "plaintiffs” or "appellants” refers to plaintiff and his minor children.

. Plaintiff named Motiva operator Mike Johnson as a defendant but withheld service.

. La. R.S. 23:1061 provides:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal” as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor”, for the execution by or under the contractor of the whole or any part of the work undertaken by die principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of *487 this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor’s employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor’s employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor. (Emphasis added).

, This Subpart was added by Acts 1997, No. 315 § 1, effective June 17, 1997.

. Supra, note 5.

. La. C.C. art.2050 requires reading contrac - tual provisions together.