EDWIN R. FLEISCHMANN, JR.                          NO. 22-C-170

VERSUS                                             FIFTH CIRCUIT

JAMES MARION DUCKWORTH, JR., ET AL                 COURT OF APPEAL

                                                   STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Alexis Barteet*
Alexis Barteet
Deputy, Clerk of Court

_____ June 22, 2022 _____

Alexis Barteet
Deputy Clerk

**IN RE** EVANSTON INSURANCE COMPANY

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT
COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
E. ADRIAN ADAMS, DIVISION "G", NUMBER 802-581

---

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst

## WRIT GRANTED IN PART; NOT CONSIDERED IN PART

Evanston Insurance Company seeks review of the trial court's granting of plaintiff's motion for leave to file a second supplemental and amended petition to add an additional plaintiff and the trial court's denial of its exceptions of no cause of action and no right of action. For the following reasons, we find the trial court erred in denying relator's exception of no right of action and we grant the writ in part and reverse that portion of the judgment. However, as to the portion of the trial court judgment granting plaintiff leave to amend his petition, we decline to exercise our supervisory jurisdiction to disturb the trial court's ruling, finding that relator has an adequate remedy in the trial court through the filing of a peremptory exception.

On December 3, 2019, Plaintiff, Edwin Fleishmann, Jr., filed suit in the 24ᵗʰ Judicial District Court against James Marion Duckworth, Jr. and ABC Insurance Company, for criminal damage to property and trespass. In his petition, plaintiff asserted that he leased property at 1009 Metairie Road and that defendant Duckworth leased the property next door. Plaintiff set forth, in part, the following allegations:

> On Wednesday, January 2, 2019, defendant, by and through his employee/agent, Michael, did unlawfully enter upon the rear yard of the property of plaintiff ostensibly "due to an emergency next door", which said "emergency" never existed. Michael entered the property by cutting plaintiffs chain on the gate giving access to the rear yard.

22-C-170

This trespass and criminal damage to property occurred without plaintiff's knowledge or permission.

*       *       *

In July 2019 plaintiff noted that defendant had placed a lowboy trailer adjacent to the fence at the northwest comer of plaintiff's property, such that the lowboy trailer could facilitate access to plaintiff's rear yard.

Plaintiff further alleged that defendant trespassed and negligently cleaned the drain between the two properties, leaving the drain open and risking potential injury for passersby. Plaintiff also sought a permanent injunction to enjoin defendant from ever entering plaintiff's property again. On August 3, 2020, plaintiff filed a first supplemental and amended petition to add Evanston Insurance Company as a defendant insurer for defendant Duckworth.

Evanston subsequently filed exceptions of no cause of action and no right of action. As to its exception of no right of action, Evanston argued that plaintiff, Mr. Fleishmann, Jr., is not the lessee to the property at issue and has no right to bring an action in trespass concerning the property. Rather, Evanston argued that Parlon's Café, L.L.C., as the lessee, is the proper party to bring any trespass claim. Evanston argued that the lessee of the property, Parlon's Café, is a separate and distinct legal entity and is the only proper party to assert a claim for the alleged property damage at issue. As to its exception of no cause of action, Evanston asserted that the minimal damages alleged by plaintiff were insufficient to rise to a compensable trespass or property damage claim. Evanston contended that the "inconvenience" and "aggravation" alleged by plaintiff are not compensable and that even the physical property damage of the fence chain, the allegations are that the trespass rendered it only "unusable without difficulty" and, thus, was not substantially damaged. Evanston further argued that the risk of potential damages, relating to the open drain in the rear yard/alley is not compensable in a trespass claim.

Duckworth filed an answer with an exception of no right of action, asserting that Parlon's Café, L.L.C., and not plaintiff Fleishmann, was the proper party to file a trespass claim. Duckworth also alleged, concerning the trespass to clean out drains located in the rear yard or back alley of the property that the lease between Parlon's Café and the landowner does not reference or include the rear yard/alley at 1001 Metairie Road, which shares space with other lessees. Duckworth alleged that the "[r]ainwater drainage for the adjoining properties at 1001 Metairie Road, 1009 Metairie Road and 108-110 Rosa Avenue, is over and below the alley or "rear yard" between 1001 Metairie Road and 108-110 Rosa Avenue." Duckworth alleged that the drainage system was installed years ago with landowner permission and that access to the rear alley or yard is periodically necessary to access the drain for sewer cleanout for the properties. Duckworth further alleged that, as to the July 2019 incident referenced in plaintiff's petition, an emergency arose where raw sewerage began backing up into another lessee's interior office space, which required emergency access to the rear yard/alley at 1001 Metairie Road.

On February 2, 2022, plaintiff Fleishmann filed a motion for leave to file a second and supplemental petition to add Parlon's Café, L.L.C. as an additional plaintiff. In support of the motion for leave to amend, plaintiff alleged that

2

Fleishmann individually and Parlon's Café are solidary obligees and that any petition filed by Fleishmann interrupted prescription as to a solidary obligee, Parlon's Café.[1]

Evanston and Duckworth opposed the motion for leave. Defendants asserted that Fleishmann individually lacks standing to maintain a trespass action, as he is a separate and distinct entity from Parlon's Café, L.L.C. Defendants further asserted that Fleishmann and Parlon's Café are not solidary obligees and that Parlon's Café's petition, filed January 12, 2022, approximately two years after the last alleged trespass, does not relate back to the original 2019 petition under La. C.C.P. art. 1153. Thus, defendants contend that Parlon's Café's claims against them are prescribed as a matter of law.

On February 23, 2022, the trial court conducted a hearing on plaintiff's motion for leave to amend and on defendants' exceptions. At the conclusion of the hearing, the Hon. Adrian Adams granted plaintiff's motion for leave to file the second supplemental and amended petition to add Parlon's Café, L.L.C. as a named plaintiff in the suit. The trial judge subsequently denied without reasons the defendants' exceptions of no right of action and no cause of action. This timely writ application followed.

Generally, an action can be brought only by a person having a real and actual interest which he asserts." *Ahmed v. Downman Dev., L.L.C.*, 2017-0114 (La. App. 4 Cir. 12/28/17), 234 So. 3d 1111, 1115-16, citing *Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.*, 13-0749 (La. 10/15/13), 144 So.3d 825, 832. "When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit." *Howard v. Administrators of Tulane Educational Fund*, 07-2224, p. 16 (La. 7/1/08), 986 So.2d 47, 59, *citing* Harry T. Lemmon & Frank L. Maraist, 1 *Louisiana Civil Law Treatise, Civil Procedure* § 6.7, 121 (West 1999).

The peremptory exception of no right of action may be raised by the defendant or the court on its own motion, in either the trial or appellate court. La. C.C.P. art. 927. The determination of whether a plaintiff has a right of action is a question of law, which an appellate court reviews *de novo*. *Johnson v. Motiva Enterprises, L.L.C.*, 13-305 (La. App. 5 Cir. 10/30/13), 128 So.3d 483, 488, *writ denied*, 13-2791 (La. 2/14/14), 132 So.3d 966. The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *L&G Drywall, Inc. v. Gray Ins. Co.*, 19-441 (La. App. 5 Cir. 3/18/20), 293 So.3d 775, 778; citing *Badeaux v. Southwest Computer Bureau, Inc.*, 05-612, 05-719 (La. 3/17/06), 929 So.2d 1211, 1217. The burden of proof of establishing the exception of no right of action is on the exceptor. *Roubion Shoring Company, L.L.C. v. Crescent Shoring, L.L.C., et al.*, 16-540, 16-541 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 926.

In examining an exception of no right of action, the court assumes that the petition states a valid cause of action for some person but questions whether the plaintiff in the particular case is a member of the class that has a legal interest

---

[1] Fleishmann, Jr. initially filed a "Second Supplemental and Amending Petition" on January 12, 2022 without request for leave of court.

in the subject matter of the litigation. *J–W Power Co. v. State ex rel. Department of Revenue & Taxation*, 10-1598, p. 7 (La. 3/15/11), 59 So.3d 1234, 1239. The court begins with an examination of the pleadings. *Gisclair v. Louisiana Tax Comm'n*, 10-0563, p. 2 (La. 9/24/10), 44 So.3d 272, 274. If the pleadings state a right of action in the plaintiff, then, at the trial of the exception, the parties may introduce evidence to support or controvert the exception. *Howard*, 07-2224, p. 17, 986 So.2d at 59.

A trespass occurs when there is an unlawful physical invasion of the property or possession of another person. *Sellers v. St. Charles Parish*, 04–1265 (La.App. 5 Cir. 4/26/05), 900 So.2d 1121, 1127. It is incumbent upon the plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass. *Id.* One who is wronged by a trespass may recover general damages suffered, including mental and physical pain, anguish, distress, and inconvenience. *Id.* However, minimal and normal worry and inconvenience are not compensable. *Bayou Fleet P'ship v. Clulee*, 13-934 (La. App. 5 Cir. 9/10/14), 150 So. 3d 329, 334. The proper party to bring a trespass claim for property damages sustained on a property leased or owned by a corporation or other legal entity is the entity itself. *Id*; *see also Ahmed v. Downman Dev., L.L.C.*, 17-0114 (La. App. 4 Cir. 12/28/17), 234 So. 3d 1111, 1120; see also La. R.S. 12:1320 ("[a] member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.") Accordingly, we find the trial judge erred in denying the exception of no right of action as to Fleishmann, Jr., and we reverse that judgment and dismiss Fleishmann's claims.

As to the portion of the trial court judgment granting Fleishmann's motion for leave to file a second supplemental and amended petition to add Parlon's Café, L.L.C. as an additional plaintiff, which he asserts is a solidary obligee, we decline to exercise our supervisory jurisdiction to disturb the trial court's ruling at this time.[2] Relator's position—that the amended petition is prescribed on its face and does not relate back to the original petition filing date—may be more appropriately raised in a peremptory exception of prescription. *Terry v. Schroder*, 21-1311 (La. App. 1 Cir. 6/3/22), --- So.3d ---, 2022 WL 1819101, at *8.

Accordingly, for the reasons provided herein, we grant relator's writ application in part and reverse the trial court judgment denying relator's exception of no right of action.[3] In all other respects, the writ is not considered.

Gretna, Louisiana, this 22nd day of June, 2022.

**FHW**
**RAC**
**SJW**

---

[2] Although Fleishmann's individual claims are dismissed by the granting of defendants' exceptions of no right of action, we recognize that Fleishmann, as the purported sole owner of Parlon's Café, L.L.C., is the appropriate individual to act on behalf of Parlon's to file the second supplemental and amended petition.

[3] We pretermit discussion of the review of the trial court's denial of the exception of no cause of action in light of our findings in connection with the exception of no right of action.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/22/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-C-170**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Michael Baham (Respondent)

Sidney W. Degan, III (Relator)
Keith A. Kornman (Relator)
Edwin R. Fleischmann, Jr. (Respondent)
Travis L. Bourgeois (Relator)

### MAILED
No Attorneys were MAILED